GMAC v. LBT Associates, No. 270-5-10 Wmcv (Wesley, J., Sept. 20, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                     **CIVIL DIVISION**
**Windham Unit**                                          **Docket No. 270-5-10 Wmcv**


**GMAC**
      **Plaintiff**

      **v.**

**LBT Associates**
**Leigh Thomson**
      **Defendant**


## ORDER DENYING
## WRIT OF REPLEVIN


      Plaintiff General Motors Acceptance Corporation ("GMAC") seeks an Order for a Writ of Replevin in order to take possession of a vehicle currently in possession of Defendant Leigh Thompson and his business, LBT Associates. The vehicle in question, a 2004 Chevrolet Avalanche, was originally purchased by Defendant in September 2004 under a financing agreement in which Plaintiff acted as lender and Defendant as borrower. Defendant made payments on this and two other vehicles financed by GMAC[1] for approximately four years. However, in 2009, Defendant ceased making payments on all three vehicles. Shortly thereafter, Plaintiff made unsuccessful demands on Defendant to cure the defaults, leading to the instant matter. For the following reasons, Plaintiff's motion seeking an Order for a Writ of Replevin is **DENIED** as there remain significant factual and legal issues for adjudication before the writ may issue.

*Plaintiff's Complaint*

      Plaintiff seeks replevin of a 2004 Chevrolet Avalanche currently in the possession of Defendant. Plaintiff has simultaneously filed a complaint against Defendant seeking a deficiency judgment if the sale of the vehicle as collateral is insufficient to setoff the outstanding balance that Defendant owes. In affidavits accompanying the filings, a representative for Plaintiff indicated that Defendant entered into an installment sales contract for the vehicle, that Defendant has defaulted on payment, and that the outstanding balance is $11,204.90 as of April 9, 2010. The representative also stated that Plaintiff sent a September 2009 notice to Defendant about its intent to take possession of the vehicle, and demanded return of the vehicle on April 13, 2010.

---

[1] The other two vehicles that Defendant has financed through Plaintiff are the subject of separate collection actions also currently before this Court.

*June 24, 2010 Hearing on Plaintiff's Motion for Issuance of Writ of Replevin*

At the motion hearing, Defendant stated that he had three vehicles in his possession that he originally purchased from manufacturer General Motors (GM) and that were financed by GMAC. All three of these vehicles, according to Defendant, had the same type of damage which rendered them all inoperable. According to Defendant, his three vehicles are among at least 25 other GM vehicles in the area he knows of that have the same type of damage; i.e. cracked frames. After he complained to GM about the defects, Defendant asserts that GM made what Defendant termed a "goodwill gesture" and assured Defendant that GM would cover the costs of the needed repairs to all three vehicles, so long as Defendant agreed to not publicly disclose the details of their arrangement. Defendant claims to have this agreement in writing, and that he would be able to produce witnesses who were present at or around the time Defendant was promised that all three vehicles would be repaired.

Defendant alleges that he then delivered the three damaged vehicles in his possession to a local automobile dealership, Automall of Brattleboro ("Automall"), to make the necessary repairs. Defendant claims that his business suffered financially during the time period the vehicles were being held at Automall since he was not able to utilize them. Nevertheless, Defendant states that he continued to make payments on the vehicles for the multiple months the vehicles were being serviced. Months later, however, after one vehicle repair was complete, Defendant claims that Automall advised him that they would be unable to service the remaining two vehicles. According to the Defendant, Automall had been told by GM to cease making the repairs, despite the earlier agreement between Defendant and GM. Feeling that he had "no other choice," and after incurring significant financial damage, Defendant discontinued making payments on all three of the vehicles he financed through GMAC.

At the hearing Plaintiff's attorney maintained that he had not been made aware of these facts alleged by Defendant prior to the hearing. Plaintiff's attorney argued, however, that even in light of these new details, Plaintiff's legal right to repossess the vehicles under the financing agreement should not be affected by any dispute that may have arisen between Defendant and General Motors. Defendant, on the other hand, argued that he was justified in refusing to honor the financing agreement with GMAC after GM breached a contract with him as he felt that the two companies are significantly interconnected.

At the conclusion of the hearing, this Court took the request for writ of replevin under advisement until July 2, 2010, prior to which point either party was permitted to file supplemental memoranda in light of the details that surfaced at the hearing. [2]

*Post-Hearing Posture*

After the hearing, Defendant, acting in a self-represented capacity without counsel, submitted a written response to Plaintiff's motion objecting to the motion for the writ of replevin

---

[2] The disposition of Plaintiff's motion has been further delayed on account of the undersigned's temporary incapacity resulting from a significant injury suffered in early August.

and asserting counterclaims for damages incurred from lost business and from the repairs to the two vehicles which Automall did not repair.[3]  Neither Plaintiff nor Defendant, however, filed legal memoranda addressing the allegations that were brought to light at the June 24th hearing, nor the impact of any potential affirmative defenses to the complaint.

*Legal Standard and Analysis*

An order approving a Writ of Replevin may be issued only upon findings by the court that there is a reasonable likelihood that Plaintiff will prevail in the replevin action.  V.R.C.P. 64(b)(2).  The finding of a reasonable likelihood of success on the merits is intended to be a realistic conclusion by the court, on the basis of affidavits and other evidence presented at the hearings, as to the actual probability of recovery by the Plaintiff.  See V.R.C.P. 64, Reporter's Notes — 1973 Amendment (explaining that the standard for establishing a reasonable likelihood of success on the merits is the same for replevin as for prejudgment writs of attachment).  The finding requires more than a mere determination that Plaintiff makes out a prima facie case or that there is probable ground to support Plaintiff's claim.  V.R.C.P. 4.1, Reporter's Notes — 1973 Amendment.  Instead, the court must consider the modifying evidence offered by Defendant, and the effect of any affirmative defenses.  *Id*.

Here, based on the present record, the Court is unable to conclude that Plaintiff has established a reasonable likelihood of success on the merits.  Defendant's testimony and proffers at the June 24 hearing, while far from conclusive as to the existence of a complete affirmative defense, raised significant factual and legal issues.  Under 9 V.S.A. § 2455, "[t]he holder of a promissory note or instrument or other evidence of indebtedness of a consumer delivered in connection with a contract shall take or hold that note, instrument or evidence subject to all defenses of such consumer which would be available to the consumer in an action on a simple contract, and all rights available to him under this chapter." See, *Gramatan Home Investors Corp. v. Starling*, 143 Vt. 527(1983)( defense of failure of consideration was good against the plaintiffs in their suit on notes executed by defendants to plaintiffs' assignor in connection with purchase of vinyl siding where, contrary to express warranties given by assignor's agents, siding was defective and installation on defendants' homes was not performed in a workmanlike manner).  Despite the Court's invitation to Plaintiff to respond to Defendant's presentation at the hearing with additional evidence or legal argument, it has offered no further support for its request for replevin.

*Conclusion*

In sum, as a result of the significant questions raised by Defendant with respect to the enforceability of the note held by Plaintiff, the resolution of Plaintiff's claim to a possessory interest in the vehicle must await a full evidentiary hearing at trial.

# **ORDER**

---

[3] The counterclaims that Defendant filed in his response were later dismissed on July 27, 2010 due to Defendant's failure to submit payment of the appropriate filing fees.

**WHEREFORE** it is hereby **ORDERED**: Plaintiff's Motion for Issuance of a Pre-Judgment Writ of Replevin is **DENIED**.

Within 15 days of this entry, the parties shall consult by any effective means in an effort toward reaching the stipulation contemplated by V.R.C.P. 16.3 as to a scheduling order, which will address a discovery schedule culminating with an anticipated date by which the matter will be ready for trial, as well as a date no later than six months from the date of this entry by which the parties will have completed such form of alternative dispute resolution(ADR) effort as they may elect. Failure to promptly engage in good faith arrangements to submit a stipulated Rule 16.3 Scheduling and ADR Order may result in a sanctions hearing.

Dated at Newfane, Vermont this 20th day of September, 2010.

_____
Hon. John P. Wesley
Presiding Judge